# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELOISE BACKER, et al., | CIVIL ACTION NO. 3:16-cv-01847 |
| Plaintiffs, | (JUDGE CAPUTO) |
| v. | |
| POCONO TRANQUIL GARDENS, LLC et al, | |
| Defendants. | |

## MEMORANDUM ORDER

Presently before me is a Complaint (Doc. 1) filed by Eloise Backer, et al., on June 27, 2016. Plaintiffs assert that the Court's basis for subject matter jurisdiction is diversity of citizenship. (*Id.* ¶ 9). Federal district courts possess diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Because the Complaint fails to establish that the Court has subject matter jurisdiction over this action, it will be dismissed unless Plaintiffs can show that diversity jurisdiction is proper.

### I. Analysis

Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *See Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999). Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states.  In order for jurisdiction to exist, there must be complete diversity, meaning that each defendant must be a citizen of a different state from each plaintiff. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

"It is . . . well established that when jurisdiction depends upon diverse citizenship, the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). *See also Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); Fed R. Civ. P. 12(h)(3).

Plaintiffs' Complaint fails to demonstrate the requirements of federal subject matter jurisdiction because it insufficiently identifies the citizenship of Defendant Pocono Tranquil Garden, LLC ("Pocono"). The Complaint alleges only that Pocono is "located at 329 East Brown Street, East Stroudsburg, in Pennsylvania" (*Id.* ¶ 3; *see also* ¶ 9), which is insufficient given that the "citizenship of an LLC is determined by the citizenship of its members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990) (quoting *Chapman v. Barney*, 129 U.S. 677, 682 (1889)) (affirming "that diversity jurisdiction in a suit by or against [an artificial] entity depends on the citizenship of 'all the members'"); *see also* 1 Fed. Proc., L. Ed. § 1:176 (2011) (acknowledging that a "limited liability company is a citizen, for purposes of diversity jurisdiction, of each state where its members are citizens"). Here, the Complaint fails to allege facts regarding the citizenship of the members of Pocono. As such, I cannot determine that diversity jurisdiction applies to this suit.

## II. Conclusion

As Plaintiffs have not shown that complete diversity of citizenship exists between the parties, I cannot determine that subject matter jurisdiction exists and the matter is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(h)(3). However, Plaintiffs will be given twenty-one (21) days to amend the complaint to show that diversity jurisdiction exists. Failure to do so will result in this action being dismissed.

An appropriate order follows.

| | |
|---|---|
| September 13, 2016 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |